# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-108V
Filed: February 4, 2013

_____

|                                        |   |                                 |
|----------------------------------------|---|---------------------------------|
| STEPHANY SHAYEGHI,                     | ) | UNPUBLISHED                     |
| mother and natural guardian of minor,  | ) |                                 |
| AVA ROSE SHAYEGHI,                     | ) | Chief Special Master            |
|                                        | ) | Campbell-Smith                  |
| Petitioner,                            | ) |                                 |
|                                        | ) | Joint Stipulation on Damages;   |
| v.                                     | ) | Measles, Mumps, Rubella         |
|                                        | ) | ("MMR") Vaccine; Polio ("IPV")  |
| SECRETARY OF HEALTH AND HUMAN          | ) | Vaccine; Guillain-Barre         |
| SERVICES,                              | ) | Syndrome ("GBS").               |
|                                        | ) |                                 |
| Respondent.                            | ) |                                 |
|_____|)  |                                 |

Sheila Ann Bjorklund, Minneapolis, MN, for petitioner.

Gordon Elliot Shemin, Washington, DC, for respondent.


## DECISION AWARDING DAMAGES[1]

On February 16, 2012, petitioner, Stephany Shayeghi, filed a petition on behalf of

_____

[1]   The undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).   As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."   Vaccine Rule 18(b).   In the absence of such motion, "the entire" decision will be available to the public.   Id.

1

her minor child, Ava Rose, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program") for a vaccine-related injury.[2]

On February 4, 2013, the parties in the above-captioned case filed a Stipulation memorializing their agreement as to the appropriate amount of compensation in this case. Petitioner, Stephany Shayeghi, alleged that Ava Rose suffered Guillain-Barre Syndrome ("GBS"), as a consequence of her measles, mumps and rubella ("MMR") and polio ("IPV") vaccinations, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R § 100.3(a). Ms. Shayeghi further alleges that Ava Rose experienced the residual effects of this injury for more than six months and she seeks damages related to this injury pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34.

Respondent denies that Ava Rose's alleged injury and residual effects were caused-in-fact by either the MMR or IPV vaccines. Nonetheless, the parties have agreed informally to resolve this matter.

The court hereby ADOPTS the parties' said Stipulation, attached hereto as Appendix A, and awards compensation in the amount and on the terms set forth therein. Specifically, petitioner is awarded:

1.    A lump sum payment of $8109.00, representing compensation for past unreimbursable expenses, payable to Stephany Shayeghi, petitioner;

2.    An amount sufficient to purchase an annuity contract, subject to the conditions described in paragraph 10 of the attached Stipulation, paid to the life insurance company from which the annuity will be purchased.

---

[2]    The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Patricia E. Campbell-Smith
Patricia E. Campbell-Smith
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STEPHANY SHAYEGHI, mother and natural guardian of minor AVA ROSE SHAYEGHI,<br><br>          Petitioner,<br><br>     v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES<br><br>          Respondent. | No. 12-108V<br>Chief Special Master Campbell Smith<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, Ava Rose Shayeghi ("Ava Rose"), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Ava Rose's receipt of the Measles, Mumps, and Rubella ("MMR") and Polio ("IPV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Ava Rose received her MMR and IPV immunizations on February 10, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the MMR and IPV vaccinations caused Ava Rose to develop Guillain-Barre-Syndrome ("GBS"), and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

-1-

for damages on behalf of Ava Rose as a result of her condition.

6. Respondent denies that the MMR and IPV vaccines are the cause of Ava Rose's alleged GBS, and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $8,109.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Stephany Shayeghi. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraph 8.b.;
>
> b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.      A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
> d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Ava Rose, pursuant to which the Life Insurance Company will agree to make payments periodically to Ava Rose for all remaining damages that would be available under 42 U.S.C. §300aa-15(a) as follows:

Beginning on December 6, 2023, $1,033.00 per month for 20 years certain.

The certain payments provided in this paragraph 10 shall be made as set forth above. Should Ava Rose predecease the exhaustion of the certain payments during the certain period specified above, any remaining payments shall be made to her estate. However, petitioner shall provide written notice to the Secretary of Health and Human Services and to the Life Insurance Company within twenty (20) days of Ava Rose's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding

-3-

upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of Ava Rose as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of Ava Rose, on behalf of herself, Ava Rose, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq.,

-4-

on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ava Rose resulting from, or alleged to have resulted from, the MMR and IPV vaccinations administered on February 10, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about February 16, 2012, in the United States Court of Federal Claims as petition No. 12-108V.

17. If Ava Rose should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that the MMR and IPV vaccines caused Ava Rose's alleged GBS or any other injury.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Ava Rose Shayeghi.

END OF STIPULATION

/

/

/

/

/

/

Respectfully submitted,

PETITIONER:

STEPHANY SHAYEGHI

**ATTORNEY OF RECORD FOR
PETITIONER:**

SHEILA A. BJORKLUND, ESQ.
LOMMEN, ABDO, COLE,
KING & STRAGEBERG, P.A.
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 339-8131

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC), Director,
Countermeasures Injury Compensation
Program (CICP)
Health Systems Bureau, U.S. Department
of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

GORDON E. SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: February 4, 2013

-7-